BENJAMIN MATHES, Appellee, v. P. D. BELL et al., Appellants.

Specific Performance: STATUTE OF FRAUDS: EVIDENCE. Evidence considered and held insufficient to establish a contract for the sale and conveyance of real estate and to support an action for specific performance.

*Appeal from Linn District Court.*—HON. W. G. THOMPSON, Judge.

FRIDAY, OCTOBER 30, 1903.

ACTION in equity, brought to enforce the specific performance of a contract to convey real estate. The facts appearing are that in June, 1901, the defendant P. D. Bell, who resides at Van Horne, Benton county, was the owner of a tract of land in Linn county, of irregular shape, and which he supposed contained eighty-two and one-half acres. That he had been assessed and paid taxes on that number of acres is admitted. On June 24, 1901, he received a letter from J. D. Crew, a real estate agent at Marion, Linn county, as follows: "I have a man who has offered me sixty-five dollars per acre for your farm, all cash, provided abstract shows up perfect title on delivery of the deed. He is anxious to have deal closed at once. Let me know by return mail what we can depend upon." To this defendant replied on the following day, saying: "Will say that I will sell

for that price if it is not already sold. Another party has made me the same offer as you, and I wrote him last Friday I would accept his offer, but have not heard from him yet. Call me up by 'phone when you receive this, and we will talk the matter over." Crew testifies that a few days later Bell came to Marion, and told him to go ahead and close the deal; that he could get the abstract at a designated abstract office; and he says that on the next day he got the abstract, and closed a deal with this plaintiff at $65 per acre, and that he (Crew) and plaintiff went to a bank and deposited $50 to the credit of Bell. In his testimony Bell does not deny but that he told Crew he would sell, but says it was the distinct understanding that the land was to be taken at eighty-two and one-half acres. Thereupon Crew wrote to Bell saying that he had received the abstract, and that: "Mathes accepted your proposition, or rather you accepted his, which was sixty-five dollars per acre, and has deposited fifty dollars to your credit as a payment on the land, as per contract, and has balance ready upon receipt of deed. You said there was eighty-two and one-half acres, but the survey figures but sixty-seven and one-half acres, so that the whole sum to be paid is $———, fifty of which has been paid, as stated. Please execute deed at once, so we can close up a deal according to contract." To this Bell replied: "There is some mistake in description of land. I told you I would sell eighty-two and one-half acres for sixty-five dollars. If he don't want it that way, I don't want to sell." The land consists of platted lots and portions of lots, all in what is known as the "irregular survey of the S. W. fr. quarter of section 19," etc., and plaintiff introduced evidence of witnesses, who, after figuring from the plat, testified that there was but sixty-seven and one-half acres of the land. Plaintiff also introduced evidence that the present value of the land was considerably in excess of $65 per acre, and at the close of the evidence he elected to

take a judgment for damages. There was a judgment in favor of plaintiff for $300 and costs. Therefrom the defendants appeal.—*Reversed.*

*F. L. Anderson* for appellants.

*Voris & Haas* for appellee.

PER CURIAM.—There are several reasons, as we think, why the judgment cannot be upheld. It will be sufficient to say that, in our judgment, a contract to sell and convey real estate is not made out. Clearly, Crew was acting in the premises as the agent of Mathes, and was seeking to make a purchase for his client. Now, the letter written by Bell cannot be construed into a contract to sell and convey, and therefore there was no agreement in writing on his part, as required by the statute of frauds. Code, section 4625. And the deposit of the money in a bank by plaintiff and his agent cannot have the effect to take the case out of the statute. Such was done without any agreement on the part of the defendant, and without his knowledge. Moreover, we do not see how there could be any right of action in any event, until it was ascertained to a certainty what was the number of acres of land, and there was an offer to pay for the actual acreage at the price alleged.—REVERSED.